## IN THE CIRCUIT COURT CAMDEN COUNTY, MISSOURI

| | |
|---|---|
| BRETT WATERBURY<br>7607 Council St. NE<br>Cedar Rapids, IA 52402<br><br>     Plaintiff,<br><br>v.<br><br>PROGRESSIVE NORTHERN INSURANCE CO.<br>6300 Wilson Mills Road, W33<br>Mayfield Village, OH 44143-2128<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No._____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PETITION FOR DAMAGES

COMES NOW Plaintiff, Brett Waterbury, with assistance of undersigned counsel, and for his causes of action against Defendant, Progressive Northern Insurance, Co., states and avers to the Court as follows:

**Allegations Applicable to All Counts**

1. Defendant, Progressive Northern Insurance, Co., (hereinafter, "Defendant"), is and was at all times herein material a foreign insurance company conducting business in good standing in Missouri and who can be served by serving its registered agent: Missouri Department of Insurance, 301 W. High Street, Room 530, Jefferson City, Missouri 65101.

2. Plaintiff, Brett Waterbury, (hereinafter, "Plaintiff"), is an Iowa resident owning or controlling property located in Camden County, Missouri.

3. Plaintiff's causes of action arose in Camden County, Missouri. Jurisdiction and venue are proper in this Circuit Court pursuant to § 508.040.4, RSMo and 508.010.2

EXHIBIT A

## COUNT I - BREACH OF CONTRACT

The Plaintiff, for Count I of its Petition against Defendant, states and avers to the Court as follows, that:

4. Plaintiff hereby incorporates and restates its allegations in the preceding paragraphs 1 through 3, inclusive as referenced herein.

5. At all times relevant hereto, Plaintiff was the owner of a 2000 Model Advantage watercraft bearing hull identification number (HIN) AVI40635H900, located in Camden County, (hereinafter, "Watercraft").

6. On or about the 10th day of May 2014, Plaintiff, for and in consideration of a stipulated premium, was the named insured of the Watercraft, under a policy of insurance No. 57116868-5 issued by Defendant, insuring against liability to others, medical payments, uninsured boaters, replacement cost of personal effects, fishing equipment and physical damage including collision coverage and comprehensive coverage, (hereinafter, "Policy"). A copy of the Policy is attached hereto as Exhibit 1, and incorporated herein by reference.

7. On or about the 12th day of April 2014, while the Policy remained in full force and effect, the Watercraft was extensively damaged by running aground and became a constructive total loss. The damage and loss to Plaintiff's watercraft is within the coverage of the Policy.

8. As a direct and proximate result of the aforementioned damage, Plaintiff suffered damages in the sum of One Hundred Four Thousand Five Hundred and No/100 Dollars ($ 104,500.00) as and for the stated value of the covered property and other amounts as may be reasonable due and payable under the terms of the Policy.

9. Plaintiff made a report of the loss and a proof of loss to Defendant, and has complied with all conditions precedent pursuant to the Policy.

10. On or about the 22nd day of April 2014, Defendant breached the agreement by denying liability for Plaintiff's loss, for the stated reason that inspection of the boat revealed no signs of impact. A copy of the letter denying coverage is attached hereto as Exhibit 2 and incorporated herein by reference.

11. Defendant's denial of liability was without just cause or excuse; was unreasonable as the facts would appear to a reasonable person at the time; was based on incorrect reasons; and the matters alleged for denial of coverage were immaterial and were not in fact relied on by Defendant in denying coverage.

12. Despite repeated demands, Defendant has failed and refused to pay Plaintiff's covered losses, in breach of the Policy and to Plaintiff's injury.

WHEREFORE, Plaintiff respectfully requests the Court find in its favor and against Defendant as follows:

a. Judgment in the amount of One Hundred Four Thousand Five Hundred and No/100 Dollars ($ 104,500.00);

b. Prejudgment interest and interest at the legal rate;

c. Attorney's fees;

d. Costs of this action;

e. For such other and further relief as this Court may deem just and proper.

## COUNT II – VEXATIOUS REFUSAL TO PAY AN INSURANCE CLAIM

The Plaintiff, for Count II of its Petition against Defendant, states and avers to the Court as follows, that:

13. Plaintiff hereby incorporates and restates its allegations in the preceding paragraphs 1 through 12, inclusive as referenced herein.

14. At all times relevant hereto, Plaintiff was the owner the Watercraft.

15. On or about the 10th day of May 2014, Plaintiff, for money paid, was the named insured of the Watercraft under the Policy.

16. On or about the 12th day of April 2014, while the Policy remained in full force and effect, the Watercraft was extensively damaged by running aground and became a constructive total loss. The damage and loss to Plaintiff's watercraft is within the coverage of the Policy.

17. After Plaintiff sustained the loss Plaintiff made a first party claim under the Plaintiff's Policy against the Defendant insurance carrier.

18. Defendant denied the claim made by Plaintiff.

19. More than thirty (30) days have passed since Defendant's denial of Plaintiff's claim.

20. The Defendant's refusal to pay the loss was willful and without reasonable cause or excuse as facts shown in the evidence, in the form of opinion testimony rendered by the reviewing mechanics, was unanimous in the opinion that the damage was caused by the accidental running aground of the Watercraft and therefore would appear covered under the Policy to a reasonable and prudent person.

21. Defendant's refusal and delay are unreasonable, vexatious, and without reasonable cause and, therefore, pursuant to V.A.M.S. § 375.296 and V.A.M.S. § 375.420, as amended, Defendant is liable for interest from and after the date of the submission of the claim, penalties as provided by statute, costs of suit, and reasonable

attorney's fees for vexatious refusal to pay. To date, Plaintiff has incurred attorney's fees in the sum of Two Thousand and No/100 Dollars ($ 2,000.00), and will continue to incur such fees until this action is concluded.

22. As a direct and proximate result of the aforementioned denial, Plaintiff suffered damages in the sum of One Hundred Four Thousand Five Hundred and No/100 Dollars ($ 104,500.00) as and for the stated value of the covered property and other amounts as may be reasonable due and payable under the terms of the Policy.

WHEREFORE, Plaintiff respectfully requests the Court find in its favor and against Defendant as follows:

a. Judgment in the amount of One Hundred Four Thousand Five Hundred and No/100 Dollars ($ 104,500.00);

b. Prejudgment interest and interest at the legal rate;

c. Statutory penalties for vexatious refusal to pay including twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars;

d. Attorney's fees;

e. Costs of this action;

f. For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

LAW OFFICE OF TODD MILLER, LLC

_____
M. Todd Miller, #48568
Daniel Finder, #65901
1305 Southwest Blvd., Suite A
Jefferson City, MO 65109
Telephone: (573) 634-2838
Facsimile: (573) 634-7642
Email: dfinder@toddmillerlaw.com
ATTORNEYS FOR PLAINTIFF

## VERIFICATION

STATE OF IOWA      )
                   ) ss
COUNTY OF Linn     )

Brett Waterbury, being duly sworn according to law upon my oath, deposes and says:

I verify on my oath that I have read the said pleadings, and I declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

_____
Brett Waterbury

Subscribed and sworn to before me this 26 day of May 2015.



_____
Notary Public



# IN THE 26TH JUDICIAL CIRCUIT COURT, CAMDEN COUNTY, MISSOURI

| Judge or Division: | Case Number: 15CM-CC00137 |
|---|---|
| Plaintiff/Petitioner:<br>BRETT WATERBURY<br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>DANIEL PAUL FINDER<br>1305 Southwest Blvd<br>Suite A<br>JEFFERSON CITY, MO 65109 |
| Defendant/Respondent:<br>PROGRESSIVE NORTHERN INSURANCE CO. | Court Address:<br>CAMDEN COUNTY COURTHOUSE<br>1 COURT CIRCLE, STE 8<br>CAMDENTON, MO 65020 |
| Nature of Suit:<br>CC Contract-Other | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: PROGRESSIVE NORTHERN INSURANCE CO.
Alias:
6300 WILSON MILLS RD, W33
MAYFIELD VILLAGE, OH 44143-2128

*COURT SEAL OF*

*CAMDEN COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

6/1/15                                                /S/ JO MCELWEE
_____                    _____
Date                                                         Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)

I am: (check one)
☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

**Service Fees, if applicable**
Summons    $ _____
Non Est    $ _____
Mileage    $ _____ ( _____ miles @ $ _____ per mile)
Total      $ _____

See the following page for directions to clerk and to officer making return on service of summons.



## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

OSCA (7-04) SM60 *For Court Use Only*: **Document ID# 15-SMOS-63**  2 of 2  (15CM-CC00137)  Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 2:15-cv-04151-NKL   Document 1-2   Filed 07/13/15   Page 8 of 11

# IN THE CIRCUIT COURT CAMDEN COUNTY, MISSOURI

| | |
|---|---|
| BRETT WATERBURY<br>7607 Council St. NE<br>Cedar Rapids, IA 52402<br><br>    Plaintiff,<br><br>v.<br><br>PROGRESSIVE NORTHERN INSURANCE CO.<br>6300 Wilson Mills Road, W33<br>Mayfield Village, OH 44143-2128<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.15CM-CC00137<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION FOR APPROVAL AND APPOINTMENT OF PROCESS SERVER

COMES NOW Plaintiff by and through his attorney, Daniel Finder for the Law Office of Todd Miller, LLC, and for its Motion for Approval and Appointment of Process Server pursuant to local rule, hereby moves this Court for its order appointing Rufus R. Harmon of Harmon Legal Process Service, P.O. Box 1794, Jefferson City, Missouri 65101, in this matter. Appointee is over eighteen years of age and not a party to the action as required by Missouri Rules of Civil Procedure Rule 54.13(a). In further support of its motion, Plaintiff states appointee is on the Court's list of approved process servers.

                Respectfully submitted,

                LAW OFFICE OF TODD MILLER, LLC

                _/s/ Daniel Finder_
                By: M. Todd Miller, # 48568
                Daniel Finder, #65901
                1305 Southwest Blvd., Ste. A
                Jefferson City, Missouri 65109
                Telephone: (573) 634-2838
                Facsimile: (573) 634-7642
                ATTORNEYS FOR PLAINTIFF


EXHIBIT C

1

## IN THE CIRCUIT COURT CAMDEN COUNTY, MISSOURI

BRETT WATERBURY )
7607 Council St. NE )
Cedar Rapids, IA 52402 )
 )
             Plaintiff, )
 )
v. ) Case No.15CM-CC00137
 )
PROGRESSIVE NORTHERN INSURANCE CO. )
6300 Wilson Mills Road, W33 )
Mayfield Village, OH 44143-2128 )
 )
             Defendant. )

**FILED**
*6/9/2015 08:55 AM*
*Jo McElwee*
*Camden County*
*Circuit Clerk*

## ORDER FOR APPOINTMENT OF PROCESS SERVER

It is hereby ordered that the Plaintiff's Motion for Appointment of Process Server is sustained and Rufus R. Harmon of Harmon Legal Process Service, P.O. Box 1794, Jefferson City, Missouri 65101 is hereby appointed to serve process in the above captioned matter.

Date: 6/9/15                          /s/ JO MCELWEE

                                            Judge or Clerk of the Court

COURT SEAL OF

CAMDEN COUNTY



